

U.S. Department of Justice

*United States Attorney*
*District of New Jersey*

| | | |
|---|---|---|
| *Vikas Khanna* | *970 Broad Street, Suite 700* | *(973) 645-2700* |
| *Attorney for the United States* | *Newark , New Jersey 07102* | |
| *Acting Under Authority of 28 U.S.C. § 515* | | |

October 12, 2022

Michael Robert Rosas, Esq.
Rosas & Cirigliano
485C US Highway 1 South, Suite 350
Iselin, New Jersey 08830
rosas@rosascirigliano.com

     Re: <u>Plea Agreement with Quinton Sessions</u>
       Criminal No. 22-522-02

Dear Mr. Rosas:

  This letter sets forth the plea agreement between your client, Quinton Sessions ("Sessions" or "Defendant"), and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on **October 31, 2022** if it is not accepted in writing by that date.

<u>Charge</u>

  Conditioned on the understandings specified below, this Office will accept a guilty plea from Sessions to Count Two of the Indictment in 22-CR-522-KM-2 that charges him with bank fraud conspiracy, in violation of 18 U.S.C. § 1349. If Sessions enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Sessions for the conduct described in the Criminal Complaint, Mag. No. 20-12414, including the aggravated identity theft described therein,and will dismiss Counts One and Three of the Indictment. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Sessions agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Sessions may be commenced against him notwithstanding the expiration of the limitations period after Sessions signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1349 charged in Count Two of the Indictment to which Sessions agrees to plead guilty carries a statutory maximum prison sentence of 30 years, and a statutory maximum fine of $1,000,000.

Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Sessions is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Sessions ultimately will receive.

Further, in addition to imposing any other penalty on Sessions, the sentencing judge: (1) will order Sessions to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Sessions to pay restitution pursuant to 18 U.S.C. § 3663A et seq.; (3) may order Sessions, pursuant to 18 U.S.C. § 3555, to give notice to any victims of his offense; (4) must order forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461; and (5) pursuant to 18 U.S.C. § 3583 may require Sessions to serve a term of supervised release of not more than five years, which term will begin at the expiration of any term of imprisonment imposed. Should Sessions be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Sessions may be sentenced to not more than three years' imprisonment, which term is in addition to any prison term previously imposed regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

In addition, Sessions agrees to make full restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying such offense, as determined by the Court. Sessions agrees that this restitution shall include losses caused as a result of the fraudulently deposited checks listed in Schedule A.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Sessions by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise.  In addition, this Office may inform the sentencing judge and the United States Probation Office of:  (1) this agreement; and (2) the full nature and extent of Sessions's activities and relevant conduct with respect to this case.

Stipulations

This Office and Sessions agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement.  This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties.  To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence.  Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement.  Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation.  A determination that any stipulation is not binding shall not release either this Office or Sessions from any other portion of this agreement, including any other stipulation.  If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so.  These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Sessions waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Forfeiture

Sessions agrees that as part of his acceptance of responsibility and pursuant to pursuant to 18 U.S.C. §§ 982(a)(2), 981(a)(1)(C) and 28 U.S.C. § 2461(c), he will consent to the entry of a forfeiture money judgment as described below.  All payments will be made by certified or bank check made payable to the United States Marshals Service with the criminal docket number noted on the face of the check.  Sessions will cause that check to be hand-delivered to the Asset Forfeiture and Money Laundering Unit, United States Attorney's Office, District of New Jersey, 970 Broad Street, Newark, New Jersey 07102.

Sessions will consent to the entry of a forfeiture money judgment in an amount to be determined by the Court (the "Forfeiture Money Judgment").  If the Forfeiture Money Judgment is not paid on or before the date Sessions enters his plea of guilty pursuant to this agreement, interest shall accrue from that date on any unpaid portion thereof at the rate and in accordance with the procedures set forth in 28 U.S.C. § 1961(a) and (b).  Furthermore, if Sessions fails to pay any portion of the Forfeiture Money Judgment on or before the date of Sessions's guilty plea, Sessions consents to the forfeiture of any other property alleged to be subject to forfeiture in the Information, including substitute assets, in full or partial satisfaction of the money judgment, and remains responsible for the payment of any deficiency until the Forfeiture Money Judgment is paid in full.

Sessions agrees to consent to the entry of orders of forfeiture and Forfeiture Money Judgment and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.  Sessions understands that the forfeiture and the Forfeiture Money are part of the sentence that may be imposed in this case and waives any failure by the court to advise his of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding.  Furthermore, Sessions waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

Sessions understands that, if he is not a citizen of the United States, his guilty plea to the charged offenses will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization.  Sessions understands that the immigration consequences of

this plea will be imposed in a separate proceeding before the immigration authorities.  Sessions wants and agrees to plead guilty to the charged offenses, knowing that this plea will result in his removal from the United States.  Sessions wants and agrees to plead guilty to the charged offenses regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States.  Sessions understands that he is bound by his guilty plea regardless of any immigration consequences of the plea.  Accordingly, Sessions waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

   This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities.  However, this Office may bring this agreement to the attention of other prosecuting offices, if requested to do so.

   This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Sessions. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Sessions.

   No provision of this agreement shall preclude Sessions from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Sessions received constitutionally ineffective assistance of counsel.

No Other Promises

        This agreement constitutes the plea agreement between Sessions and this Office and supersedes any previous agreements between them.  No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

        Very truly yours,

        VIKAS KHANNA
        Attorney for the United States
        Acting Under Authority of
        28 U.S.C. § 515


        s/ Jamie Hoxie Solano
        By:  Jamie H. Solano
        Assistant U.S. Attorney

APPROVED:

/s/ Sean Farrell
_____

Sean Farrell
Chief, Cybercrime Unit

I have received this letter from my attorney, Michael Robert Rosas, Esq., and I have read it.  My attorney and I have discussed it and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences.  I understand this letter fully.  I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties.  I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.  I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____*Quinton Sessions*_____     Date:   10/31/22
Quinton Sessions


I have discussed with my client this plea agreement and all of its provisions, including those addressing the charges, sentencing, stipulations, waiver, forfeiture, and immigration consequences.  My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____     Date:   10/31/22
Michael Robert Rosas, Esq.

<u>Schedule A Plea Agreement with Quinton Sessions</u>

1.     This Office and Quinton Sessions ("Sessions") agree to stipulate to the following facts:

a.     Between in or around January 2018 and in or around December 2019, Sessions agreed and conspired with others to defraud financial institutions by depositing altered checks into coconspirators' bank accounts to obtain money that did not belong to Sessions or his co-conspirators.

b.     Sessions's role in the bank fraud conspiracy was that of a minimal participant as that term is defined in U.S.S.G. § 3B1.2.

c.     In furtherance of the conspiracy and agreement, the following acts were undertaken by Sessions and his co-conspirators and were reasonably foreseeable to Sessions:

   i. On or about August 15, 2018, a check that had been stolen and altered to be payable in the amount of $8,150.00 was deposited into a bank account controlled by Sessions.

   ii. On or about August 30, 2018, a check that had been stolen and altered to be payable in the amount of $4,800.00 was deposited into a bank account controlled by Sessions.

   iii. Sessions communicated with Co-conspirator-1 about the conspiracy, and:

      1. On or about October 10, 2018, a check that had been stolen and altered to be payable in the amount of $15,000 was deposited into a bank account controlled by Co-conspirator-1.

      2. On or about January 15, 2019, a check that had been stolen and altered to be payable in the amount of $19,000 was deposited into a bank account controlled by Co-conspirator-1.

      3. On or about February 19, 2019, a check that had been stolen an altered to be payable in the amount of $15,050 was deposited into a bank account controlled by Co-conspirator-1.

    iv. Sessions conspired with co-conspirators to use and access bank accounts held in Co-Conspirator-2's name, and:

      1. On or about August 18, 2018, a check that had been stolen and altered to be payable in the amount of $14,050 was deposited into Co-Conspirator-2's bank account.

      2. On or about July 12, 2018, a check that had been stolen and altered to be payable in the amount of $9,600 was deposited into Co-Conspirator-2's bank account.

      3. On or about August 20, 2018, a check that had been stolen and altered to be payable in the amount of $31,000 was deposited into Co-Conspirator-2's bank account.

      4. On or about October 23, 2018, a check that had been stolen and altered to be payable in the amount of $14,050 was deposited into Co-Conspirator-2's bank account.

      5. On or about November 7, 2018, a check that had been stolen and altered to be payable in the amount of $16,500 was deposited into Co-Conspirator-2's bank account.

  2. If the sentencing court accepts the factual stipulations set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.